United States District Court
Southern District of Texas
**ENTERED**
February 20, 2024
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES A. WHITTIER ET AL., | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-CV-0747 |
| | § | |
| OCWEN LOAN SERVICING, LLC, ET AL., | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

This case originated in February 2018 when Plaintiffs[1] filed a state court action to enjoin foreclosure on their home.[2] ECF 1. The parties entered a Settlement Agreement and this case was dismissed with prejudice on July 25, 2019. ECF 36. Almost 5 years later, it is now before the Court on Defendants' Motion to Dissolve the Order Enjoining Foreclosure. ECF 68. Having reviewed the parties' submissions and the law, the Court recommends that Defendant's Motion be GRANTED, the April 8, 2023 Order enjoining foreclosure (ECF 48) be VACATED and this case again be dismissed with prejudice.

---

[1] Plaintiff Charles A. Whittier is a lawyer and is representing both Plaintiffs in this case. It has come to the Court's attention that Charles A. Whittier currently is not admitted to practice in this district. It is therefore ORDERED that Yvette E. Whittier must appear pro se and sign all filings, including any objections to this Memorandum and Recommendation, on her own behalf.

[2] On January 16, 2024, the District Judge referred the case to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 73.

## I.      Background

The facts in this section are undisputed and largely a matter of procedural record in this case.  In September 2004, Plaintiffs, a married couple, took out a mortgage loan to purchase their home at 15606 Creekbriar Court, Houston, Texas 77068 (the Property).  ECF 1-1 at 15.  After 2012 litigation[3] and a 2016 Loan Modification (ECF 1-1 at 75-84), Defendants Deutche Bank National Trust Company as Trustee for Freemont Home Loan Trust 2001-4 Asset-Backed Certificates, Series 2004-4 and Ocwen Loan Servicing, LLC initiated foreclosure proceedings. ECF 1-1 at 117.  Plaintiffs sought a temporary restraining order in state court and on February 23, 2018, the state court issued a TRO preventing a March 6, 2018 foreclosure sale.  ECF 1-1 at 6-8.  Defendants, whose successor in interest is now PHH Mortgage Corporation, removed the case to this federal court on March 8, 2018.  ECF 1.

After Defendants filed a dispositive motion, the parties filed a Notice of Settlement.  ECF 33.  The Court terminated the Motion and entered a Conditional Order of Dismissal allowing the parties a 60-day period to request reinstatement. ECF 34.  The Conditional Order of Dismissal expressly retained jurisdiction "over

---

[3] *See Whittier v. Ocwen Loan Servicing, LLC et al.*, Civil Action No. 4:12cv03095 (S.D. Tex.), summary judgment in favor of defendants (ECF 65) affirmed on appeal (ECF 82).

any settlement agreements." *Id.* The parties then filed a Stipulation of Dismissal with Prejudice. ECF 35. The parties' Stipulation of Dismissal noted their agreement that the court would retain jurisdiction for purposes of enforcing or interpreting the Settlement Agreement. *Id.* On July 25, 2019, District Judge Gray H. Miller issued a final Order of Dismissal with Prejudice. ECF 36. The Order of Dismissal with Prejudice ***contains no language retaining jurisdiction*** for purposes of enforcing or interpreting the Settlement Agreement. *Id.* No party filed a motion to modify or amend Judge Miller's Dismissal Order.

Almost three months after dismissal, on October 11, 2019, Plaintiffs filed a Motion to Enforce Settlement Agreement and Award Attorney's Fees.[4] ECF 37. Plaintiffs did not move for relief under Rule 60(b). *See id.* After multiple extensions of time, Magistrate Judge Nancy K. Johnson held a hearing on March 16, 2020. The Court questioned why Defendants apparently had not properly applied the June and July 2019 payments from Plaintiffs and brought the mortgage account current as required by the Settlement Agreement.[5] The Court rejected Defendants' argument that the Court had no jurisdiction to enforce the Settlement Agreement without any citation to authorities, stating that the matter should be resolved quickly and finally

---

[4] Assuming the time to appeal was not expired at this time, this is not a motion that extends the time to file an appeal under Federal Rule of Civil Procedure 4(a)(4).

[5] The Court has listened to the Electronic Recording of the March 16, 2020 hearing.

without further litigation based on the parties' Settlement Agreement. In a Minute Order following the hearing, the Court granted in part the Motion to Enforce, ordered Defendants to explain what Plaintiffs needed to do to bring the account current, and to give Plaintiffs online access in order to make monthly payments. ECF 47. The Court ordered that the hearing would reconvene on April 20, 2020 if the parties could not resolve their disputes, and recommended that the district judge enjoin non-judicial foreclosure "to preserve the status quo." *Id.* On April 8, 2020, District Judge Gary H. Miller issued an Order enjoining non-judicial foreclosure in order to preserve the status quo, pending a hearing and further order of the court. ECF 48.

The April 20, 2020 hearing was continued to June 23, 2020. ECF 52. A few days before the hearing, Plaintiffs filed a Motion for Order to Show Cause why Defendants should not be held in contempt for violating the injunction against foreclosure. ECF 53. On June 22, 2020, in compliance with Judge Johnson's March 16, 2020 Order, Defendants filed a Supplemental Declaration setting forth the required action needed to bring the loan current. ECF 56. At the June 23, 2020 hearing, Plaintiffs represented to the Court that they would make a lump sum payment to bring the account current. Tr. 14-15.[6] The Court stated that Defendants'

---

[6] The Court is in possession of the rough draft of the court reporter's transcript of the June 23, 2020 hearing.

recent foreclosure notices likely violated his April 8, 2020 injunction but did not hold Defendants in contempt or issue sanctions.  Tr. 7-8, 13.  The Court instructed the parties that they needed to "put this [matter] to bed" and that the Court would consider the matter resolved unless Defendants notified the Court that the lump sum payments were not received.  Tr. 12, 15.  The Court did not discuss jurisdiction.

Nothing further was filed in the case until November 11, 2022, when Deutsche Bank filed an opposed Motion to Reopen the Case.  ECF 59.  On November 14, 2022, the case was reassigned to Judge Charles Eskridge.  After briefing, Judge Eskridge entered an Order reopening the case and ordering Defendants to file "any appropriate motion for relief" within 14 days of April 27, 2023.  ECF 64.  Defendants filed the pending Motion to Dissolve, which has now been fully briefed and is ripe for resolution.  ECF 68-72.

## II.    Analysis

Defendants move to dissolve the April 8, 2020 injunction because (1) the Court did not retain jurisdiction to enforce the Settlement Agreement in the Order of Dismissal with Prejudice; and (2) the injunction is not supported by evidence or the law.  *See* ECF 68; ECF 71; *see also* ECF 40 at 6-8.  The Court finds both grounds meritorious.

**A. This Court lacked subject matter jurisdiction to issue the injunction.**

Federal courts have an affirmative duty to examine their subject matter jurisdiction. *Contreras v. Wilson*, No. 4:22-CV-4015, 2023 WL 1998036, at *2 (S.D. Tex. Jan. 17, 2023), report and recommendation adopted, No. 4:22-CV-04015, 2023 WL 1994401 (S.D. Tex. Feb. 14, 2023).   Generally, an unconditional stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) automatically strips the district court of subject-matter jurisdiction and any action by the district court thereafter has no force or effect. *Nat'l City Golf Fin., a Div. of Nat'l City Com. Cap. Co., L.L.C. v. Scott*, 899 F.3d 412, 416 (5th Cir. 2018).   The Fifth Circuit has recognized two ways a Court may exercise subject matter jurisdiction after a voluntary dismissal with prejudice:  (1) pursuant to Rule 60(b); or (2) pursuant to ancillary jurisdiction. *Id.*  As noted above, Plaintiffs did not seek relief under Rule 60(b), so Rule 60(b) could not have been the source of the Court's subject matter jurisdiction when issuing the April 8, 2020 injunction.

A settlement agreement does not automatically vest a court with ancillary jurisdiction to enforce the agreement. *Id.*; *Hosp. House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002) (quoting the holding in *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375, 378 (1994) that "'[e]nforcement of [a] settlement agreement ... is more than just a continuation or renewal of the dismissed suit, and

6

hence requires its own basis for jurisdiction.'").  In order for a district court to retain jurisdiction to enforce a settlement agreement, the stipulation of dismissal must "expressly manifest" the parties' intent that dismissal is contingent on the district court issuing an order retaining jurisdiction.  *Nat'l City Golf Fin*, 899 F.3d at 416-17.  To effectively retain jurisdiction, the order of dismissal must contain a provision expressly retaining jurisdiction or incorporate the terms of the settlement agreement into the dismissal order.  *Id.*; *see also Hosp. House, Inc.*, 298 F.3d at 430 (specifying the two ways to make a settlement agreement part of a dismissal order).  The parties cannot confer jurisdiction simply by agreement:  "jurisdiction is a strict master and inexact compliance is no compliance." *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 464 (5th Cir. 2010).

Here, the Stipulation of Dismissal indicates that the parties agreed "the court shall retain jurisdiction" over the Settlement Agreement, but it did not expressly condition dismissal on an order of the Court retaining jurisdiction.  ECF 35.  In fact, the proposed Order of Dismissal with Prejudice attached to the Stipulation of Dismissal ***did not*** contain a provision retaining jurisdiction or incorporating the terms of the Settlement Agreement.  ECF 35-1.  The District Judge signed the Order of Dismissal with Prejudice in the form submitted by the parties.  *Compare* ECF 35-1 *with* ECF 36.

Upon reflection almost five years later, the Court concludes that it did not have ancillary jurisdiction to enforce the Settlement Agreement or to issue the April 8, 2020 Order enjoining foreclosure.   Any action to enforce the Settlement Agreement should have been brought as a separate breach of contract action. *Kokkonen*, 511 U.S. at 381-82 (holding that enforcement of a settlement agreement is a claim for breach of contract that requires an independent basis for jurisdiction).

## B. Continued enforcement of the April 8, 2020 injunction would be detrimental to the public interest.

Alternatively, if on review of this Memorandum and Recommendation the District Judge concludes that the Court retained jurisdiction over the parties' Settlement Agreement, the April 8, 2020 Order should be vacated and the injunction dissolved.   Rule 60(b)(5) provides the standard for vacating or modifying a preliminary injunction.   *Total Safety v. Knox*, No. 4:19-CV-02718, 2019 WL 6894683, at *2 (S.D. Tex. Dec. 18, 2019) (citing *Horne v Flores*, 557 US 433, 447 (2009)).   The party seeking relief from a preliminary injunction must show a significant change in facts or law that renders continued enforcement detrimental to the public interest.   *Id.*   A district court has discretion to modify an injunction in the face changed circumstances.   *Bear Ranch, L.L.C. v. Heartbrand Beef, Inc.*, 885 F.3d 794, 803 (5th Cir. 2018) (holding that a district court's decision to modify an injunction is reviewed for abuse of discretion).   The Court concludes that Plaintiffs'

failure to make payments for over three years is a significant change in circumstances since the injunction issued, and continuing to prohibit foreclosure for that failure would be detrimental to the public interest. *See Daily Instruments Corp. v. Heidt*, 998 F. Supp. 2d 553, 571 (S.D. Tex. 2014) (holding "it is in the public interest to uphold contracts and to enforce a remedy that is provided for by Texas law").

Plaintiffs initiated this case to stop a March 2018 foreclosure sale, arguing that Defendants had violated obligations under a 2016 Loan Modification and therefore were not entitled to foreclose. *See* ECF 1. The parties resolved this case through a Settlement Agreement that incorporated a 2019 Loan Modification. *See* ECF 56; ECF 61 at 2; ECF 69 at 3. The April 8, 2020 injunction by its express terms was intended to preserve the status quo pending a further hearing on Plaintiffs' Motion to Enforce the Settlement Agreement. ECF 48. A "further hearing" was held on June 23, 2020. ECF 58. The April 8, 2020 injunction was never intended to be a permanent injunction against non-judicial foreclosure proceedings based on *future* loan defaults by Plaintiffs.

Plaintiffs' failure to make *any* payments after the tendering the lump sum payment of $29,525.76 as ordered at the June 23, 2020 hearing is a significant change in circumstances. Plaintiffs do not allege that they have complied with the

payment terms of the 2019 Loan Modification.  *See* ECF 69; ECF 72.  The 2019 Loan Modification, which is incorporated into the Settlement Agreement, clearly states that Plaintiffs' failure to make the monthly payments required under the Loan Modification would constitute a new event of default which would again trigger Defendants' foreclosure rights.  ECF 70-1 at 4.  Plaintiffs acknowledged their obligations to make future mortgage payments in the Settlement Agreement.  ECF 70-2 at 2.  A party that is in breach of a contract cannot sue to enforce the contract. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (reciting the elements of breach of contract under Texas law as "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex.App.—Houston [14th Dist.] 2005, pet. denied))).  The record supports a finding that Plaintiffs have breached the Settlement Agreement and therefore the injunction no longer serves the public interest.

Further, there is no evidence in the record that Defendants are in breach of the 2019 Loan Modification and Settlement Agreement at this time.  *See* ECF 69; ECF 70; ECF 72.  Plaintiffs contended at the time of the March 16, 2020 hearing before Judge Johnson that Defendants had breached paragraph 3(e) of the 2019 Loan

Modification, the provision setting forth the new payment amount. ECF 70-1 at 3. Nothing in the record supports Plaintiffs' argument that Defendants had improperly modified the mortgage payment by increasing the escrow amount. Defendants have since clarified in their Supplemental Declaration filed on June 22, 2020 the payment amounts due under the 2019 Loan Modification. ECF 56. Nevertheless, as stated in the June 22, 2020 Declaration, Defendants adjusted the monthly payment due from July 1, 2019 to June 1, 2020 to accept Plaintiffs' lower payments to bring the loan current. *Id.* ¶ 20. Further, to the extent that Defendants had not yet updated their records to show the loan was reinstated and not in default at the time Plaintiffs filed the Motion to Enforce in October 2019, the records were corrected by the time of the June 23, 2020 hearing. *See* Tr. 7; ECF 56. Finally, nothing in the 2019 Loan Modification or Settlement Agreement requires Defendants to remove the escrow account or to provide online account access as Plaintiffs have requested. ECF 70-1; ECF 70-2. At the June 23, 2020 hearing, Mr. Whittier confirmed that the 2019 Loan Modification and Settlement Agreement provided for escrow of taxes and insurance and the Court recognized it could not order Defendants to release the escrow requirement. Tr. 6, 14.

11

In sum, the April 8, 2020 injunction has outlived its purpose.  Defendants have established that it should be dissolved due to changed circumstances and doing do will not disserve the public interest.

### III.    Conclusion and Recommendation

Because the Court entered an Order of Dismissal with Prejudice on July 25, 2019 and did not retain jurisdiction to enforce the Settlement Agreement, the Court did not have jurisdiction to issue the April 8, 2020 injunction.  Alternatively, the April 8, 2020 injunction should be dissolved because of Plaintiffs' continued failure to make payments and the lack of evidence that Defendants have breached the 2019 Loan Modification and Settlement Agreement.  For these reasons, the Court RECOMMENDS that Defendant's Motion to Dissolve the Order Enjoining Foreclosure (ECF 68) be GRANTED and the April 8, 2023 Order enjoining foreclosure (ECF 48) be VACATED.  The Court further RECOMMENDS that an Order of Dismissal with Prejudice be entered in this case and that the Order of Dismissal with Prejudice expressly state that the Court does *not* retain jurisdiction over the 2019 Settlement Agreement.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written

objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on February 20, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge