United States District Court
Southern District of Texas
**ENTERED**
May 10, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES A. WHITTIER and YVETTE E. WHITTIER, Plaintiffs, | § § § § § § § | CIVIL ACTION NO 4:18-cv-00747 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| OCWEN LOAN SERVICING LLC, *et al*, Defendants. | § § § § | |

### ORDER ADOPTING
### MEMORANDUM AND RECOMMENDATION

Plaintiffs Charles A. Whittier and Yvette E. Whittier initiated this case in February 2018 to enjoin foreclosure on their home. Dkt 1. The parties settled their dispute in July 2019, and the Court (per Judge Gray Miller) entered a final order of dismissal. Dkt 36. The case returned in October 2019 when Plaintiffs filed a motion to enforce the settlement agreement, but the case wasn't reopened at that time. Dkt 37.

Defendants later moved to reopen the case on November 11, 2022. Dkt 59. The action was transferred to this Court on November 14, 2022. The motion to reopen was then granted on April 27, 2023. Dkt 64.

Defendants filed a motion to dissolve the injunction issued in April 2020 during the pendency of Plaintiffs' motion to enforce the settlement agreement. Dkt. 64. The matter was referred for disposition to Magistrate Judge Christina A. Bryan. Dkt 73. She issued a memorandum and recommendation dated February 20, 2024. Dkt 75. She

recommends that the injunction entered on April 8, 2020, be dissolved because (i) the court didn't retain jurisdiction to enforce the settlement agreement when it entered the July 2019 final dismissal order, thus requiring enforcement of the settlement agreement to be brought by way of separate action for breach of contract, id at 6–8, and, (ii) alternatively, Plaintiffs have continued to fail to make loan payments, id at 8–12.

Pending are objections by Plaintiffs to the memorandum and recommendation. Dkt 80. Defendants responded. Dkt 87.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Upon *de novo* review and determination, Plaintiff's objections lack merit. The memorandum and recommendation clearly details the pertinent facts and correctly applies controlling law regarding the court's lack of continuing jurisdiction to enforce the settlement agreement. See also Dkt 87 at 3.

No clear error otherwise appears upon review and consideration of the memorandum and recommendation, the record, and the applicable law.

The objections by Plaintiffs to the memorandum and recommendation of the Magistrate Judge are OVERRULED. Dkt 80.

The memorandum and recommendation is thus ADOPTED as the memorandum and order of this Court. Dkt 75.

The injunction entered on April 8, 2020, is DISSOLVED. Dkt 48.

This case is DISMISSED WITH PREJUDICE.

For the avoidance of doubt, jurisdiction isn't retained to enforce the 2019 settlement agreement. This means, as noted in the memorandum and recommendation, that a separate action for breach of contract may be brought to enforce that agreement. Dkt 75 at 8. Such action would also be able to consider the putative failure of Plaintiffs to make payments for over the past three years—along with all other available defenses. Id at 8–9.

SO ORDERED.

Signed on May 8, 2024, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge